IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES S. WILSON *and*
SHELLY M. WILSON,

      **Plaintiffs,**

vs.                                  CIVIL ACTION NO. 2:25-CV-00744

THE CHEMOURS COMPANY,
LLC,

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 27, 2026, the Court granted the Motion to Withdraw from Representation and Stay Pending Deadlines filed by the Plaintiffs' former counsel (ECF Nos. 12, 14). The Court gave the Plaintiffs sixty days from the entry of the Order to find alternative counsel or express their intent to proceed as *pro se* litigants in this action (ECF No. 14 at 3). The Plaintiffs failed to respond to or otherwise update this Court of their intentions, resulting in the Defendant filing its Motion for Rule 41 Involuntary Dismissal and supporting Memorandum of Law on May 12, 2026 (ECF Nos. 15, 16). Accordingly, the undersigned issued a <u>Roseboro</u> notice[1] to the Plaintiffs to file their response to the Defendant's Motion no later than May 29, 2026 (ECF No. 17); the undersigned warned the Plaintiffs that failure to comply with the directives set forth in the <u>Roseboro</u> notice will result in a recommendation of denial of the relief sought in the Complaint and dismissal of this suit (<u>Id</u>.).

The Plaintiffs, however, have not responded to either of this Court's Orders (ECF Nos. 14, 17), and there is no indication that the Plaintiffs did not receive them. Accordingly, the undersigned

---

[1] Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).

has determined that the Plaintiffs have failed to take any steps to prosecute this action, and should therefore be dismissed.

## Analysis

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)).

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

    (i) the degree of personal responsibility of the plaintiff;
    (ii) the amount of prejudice caused the defendant,
    (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
    (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than the Plaintiffs are responsible for their failure to respond to this Court's Orders despite being directed to do so.

2

In consideration of the second and third factors, the record is unclear that the Plaintiffs have a history of "deliberately proceeding in a dilatory fashion" beyond the fact that they failed to respond at all to this Court's Orders. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, at *4 (S.D.W. Va. Aug. 14, 2014)(Johnston, J.)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff."). In short, due to the Plaintiffs' inaction in this case, the undersigned finds that not only is the Court being deprived of its ability and duty to ensure these proceedings move forward to a conclusion on the merits, but it also appears the Plaintiffs have lost interest in prosecuting this action. Thus, the undersigned finds these factors weigh against the Plaintiffs.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against the Plaintiffs that should not be invoked lightly. The particular circumstances of this case do not warrant a lesser sanction – as stated *supra*, the Plaintiffs failed to respond to this Court's Orders despite explicit warnings of dismissal.

In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed **with** prejudice under the circumstances demonstrated herein.

Finally, the undersigned acknowledges the findings contained in the Court's prior Order permitting counsel to withdraw (see ECF No. 14, Findings Nos. 1 - 8). Nevertheless, those findings were not made in the context of a sanctions proceeding, and the present record is insufficient to support an award of attorneys' fees and costs against the Plaintiffs. Given the limited procedural

3

history of this matter and the recommendation that this action be dismissed with prejudice for failure to prosecute, the undersigned **FINDS** that no additional monetary sanction is necessary to accomplish the purposes of Rule 41(b).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **GRANT** the ***Defendant The Chemours Company FC, LLC's Motion for Rule 41 Involuntary Dismissal*** (ECF No. 15) and **DISMISS** this action from the Court's docket with prejudice.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the Plaintiffs and to Counsel of record.

**ENTER**: June 1, 2026.



Omar J. Aboulhosn
United States Magistrate Judge